UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

_____
                                    )
THOMAS L.,                          )
                                    )
    Plaintiff,                      )
                                    )    C.A. No. 17-351 WES
        v.                          )
                                    )
NANCY A. BERRYHILL, Acting          )
Commissioner of Social              )
Security,                           )
                                    )
    Defendant                       )
_____)

## ORDER

Before the Court is Magistrate Judge Sullivan's Report and Recommendation ("R. & R.") (ECF No. 16), which recommends that the Court deny Plaintiff's Motion to Reverse the Decision of the Commissioner (ECF No. 9) and grant Defendant's Motion to Affirm the Decision (ECF No. 11) and to which Plaintiff objected (ECF No. 18). After careful review of the R. & R. and the relevant papers, the Court accepts the R. & R. over Plaintiff's objection and adopts its recommendations and reasoning.

I.  FACTUAL BACKGROUND

A detailed recitation of the facts can be found in the R. & R. and so only a very brief summary follows here. Plaintiff has applied for disability insurance benefits ("DIB") three times over the past ten years: first in 2008, then in 2011, and again in 2014. (R. & R. 2-3.) Each application was based on allegations that Plaintiff

suffered from back pain caused by a workplace injury in 2008, as well as mental impairments due to Plaintiff's low I.Q. (Id.) The first two applications were denied and Plaintiff did not appeal from those denials. (Id.) By the time Plaintiff filed his third DIB application, the one currently under review, he had almost exhausted the disability insurance he had built up during his years of working; his maximum DIB recovery in this case would have spanned only the seven-month period between his alleged disability onset date (August 30, 2012) and his date-last-insured (March 31, 2013). (Id. at 3.) The third application was also denied, giving rise to this appeal. (Id.)

II. STANDARD OF REVIEW

Where an objection has been properly filed, the Court reviews de novo an R. & R. addressing a dispositive matter. See Emissive Energy Corp. v. SPA-Simrad, Inc., 788 F. Supp. 2d 40, 42 (D.R.I. 2011); Fed. R. Civ. P. 72(b)(3). Accordingly, the Court reviews the decision of the administrative law judge ("ALJ") using the same standard of review that was applied by the Magistrate Judge.

When reviewing the Commissioner of Social Security's decision denying disability benefits, the Commissioner's findings of fact are conclusive if they are supported by substantial evidence. See 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla" – that is, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v.

Perales, 402 U.S. 389, 401 (1971). The determination of substantiality is based upon an evaluation of the record as a whole. Brown v. Apfel, 71 F. Supp. 2d 28, 30 (D.R.I. 1999); see also Parker v. Bowen, 793 F.2d 1177, 1180 (11th Cir. 1986) (stating that the court must also consider evidence contrary to the evidence on which the Commissioner relied). Once the Court concludes that the decision is supported by substantial evidence, it must affirm that decision, even if the Court would have reached a contrary result as the finder of fact. Rodriguez Pagan v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987).

III. ANALYSIS

The crux of Plaintiff's argument is that the ALJ's decision was "poorly-explained" and not based on substantial evidence and, therefore, the Magistrate Judge was wrong to affirm it. (Pl.'s Obj. to R. & R. 7, 14.) He advances three specific arguments to support his Objection: (1) that the Magistrate Judge "understated the significance of the issues presented" (Id. at 3); (2) that the Magistrate Judge did not adequately summarize the medical evidence Plaintiff presented (Id. at 4-5); and (3) that the ALJ and the Magistrate Judge made improper medical judgments about the meaning of the 2012 MRI and the 2009 I.Q. scores (Id. at 6-9.) Plaintiff also posits a blanket objection to as-yet unidentified errors in the in the R. & R., stating: "For any argument that [Plaintiff] raised in his primary memorandum and reply memorandum that the

3

Magistrate did not specifically address in her [R. & R.], [Plaintiff] objects to the failure to address them." (Id. at 14.)

  A. The Magistrate Judge Did Not Understate the Significance of the Issues Presented.

Plaintiff takes umbrage at the Magistrate Judge's R. & R. because he feels that she "understated the significance of the issues presented" when she found that Plaintiff sought DIB for a "relatively short" seven-month period. (Id. at 3; R. & R 21.) According to Plaintiff, that characterization does not adequately capture the fact that, in the absence of DIB, Plaintiff was forced to "spen[d] all of his savings down to below $2,000.00" and "liv[e] on the street" in order to become eligible to receive Social Security Insurance ("SSI") benefits, which ultimately provided him with only about eighty percent of the income he would have been entitled to receive from DIB. (Pl.'s Obj. to R. & R. 4.) Plaintiff claims that DIB and SSI are fundamentally different benefits because the former is an earned benefit that not subject to income limitations, while the latter is a welfare benefit, available only to individuals who possess fewer than $2,000.00 in assets and is, therefore, inherently less reliable. (Id. at 3-4.)

This argument is a non-starter because the difference between DIB and SSI benefits was not material (or even collateral) to the disposition of this case. As such, the Magistrate Judge's alleged "understatement" of the issues does not require the Court to reject her R. & R.

B. The Magistrate Judge Did Not Wrongly Assess Plaintiff's Medical Background.

The Plaintiff next argues that the Magistrate Judge improperly took a "constricted review of the medical evidence" when she relied on doctors' notes from the Rhode Island Free Clinic discussing the 2012 MRI that were created during the seven-month period in issue. (Id. 4-5.) According to Plaintiff, "the few notes available from the Rhode Island Free Clinic offer no reason to doubt Dr. Song's medical diagnoses and opinions." (Id. at 6.)

What Plaintiff really takes issue with is the fact that the Magistrate Judge and the ALJ did not give controlling weight to the opinion of Dr. Patricia Song, M.D., who only began treating Plaintiff in July of 2014 – more than a year after his date-last-insured. As the Magistrate Judge explained, "[w]hile Dr. Song is unambiguously a treating source potentially entitled to controlling weight for the period after she established a treating relationship with Plaintiff in July 2014," there is nothing in the record showing that he had a treatment relationship prior to that time. (R. & R. 15 (emphasis added).) As such, her opinions about the relevant seven-month period between August 2012 and March 2013 are totally baseless. Moreover, her opinions were inconsistent not only with the Rhode Island Free Clinic's medical records, but also with her own treating notes from July 2014, when she first met with Plaintiff. (Id. at 9.) There is substantial evidence in the record to support the ALJ's decision to give more weight to the opinions

5

of the doctors who treated Plaintiff between August 2012 and March 2013 than he accorded to the opinion of Dr. Song. As such, the Court will not muddy the waters by re-weighing and re-assessing the evidence. See Rodriguez Pagan, 819 F.2d at 3 (holding that the ALJ's decision must be affirmed where there is substantial evidence to support it, even if the Court would have reached a contrary result in the first instance).

> C. Neither the ALJ nor the Magistrate Made Improper Medical Judgments About the 2012 MRI or the 2009 I.Q. Scores.

The Plaintiff next argues that both the ALJ and the Magistrate Judge made improper medical judgments about the 2012 MRI and the 2009 I.Q. scores because there was no medical expert in this case who specifically interpreted those materials. (Pl.'s Obj. to R. & R. 11.) This argument is unpersuasive.

The record reflects that all of the medical evidence in this case – including the 2012 MRI and the 2009 I.Q. score - was reviewed by well-qualified medical experts who testified as to their opinions. For example, the Magistrate Judge found that "the examining expert physicians who opined for the pending application did see [the 2012 MRI]. The initial 'findings of fact and analysis of evidence' expressly references it." (R. & R. 14 (emphasis omitted).) Similarly, the 2009 I.Q. scores were evaluated and discussed by competing expert witnesses in 2010, during the hearing on Plaintiff's prior application for DIB; the ALJ in that case found that Plaintiff's I.Q. scores were "reflective of borderline

intellectual functioning, not mental retardation." (Id. at 18.) Here, the ALJ simply applied the findings from the 2010 decision in rejecting Plaintiff's argument that the 2009 I.Q. score showed mental retardation. (Id.)

The ALJ's reliance on the findings in the earlier DIB decisions was appropriate and consistent with applicable federal law. See 42 U.S.C. § 405(h) (stating that "[t]he findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such a hearing"); see also 20 C.F.R. § 404.957(c)(1) ("The doctrine of res judicata applies in that we have made a previous determination or decision . . . on the same facts and on the same issue or issues . . . ."). And, as the Magistrate Judge correctly concluded, "[t]his res judicata doctrine precludes relitigation not just of the 2010 decision's [ultimate] determination, but also of its internal findings and conclusions." (R. & R. 20.) Because his decision properly relied on medical experts who reviewed the 2012 MRI and the 2009 I.Q. score, the ALJ had no duty to procure the opinion of yet another medical expert for the sole purpose of reviewing those materials. Bourinot v. Colvin, 95 F.Supp.3d 161, 180 (concluding that the opinion of a non-examining doctor constitutes substantial evidence where "findings of fact and analysis of evidence" section of doctor's assessment "plainly state[d] that [the doctor] reviewed the medical evidence submitted by" plaintiff).

7

D. Plaintiff's Other Objections

Plaintiff's objection to the Magistrate Judge's hypothetical failure to address his previously-articulated arguments warrants no discussion because such an objection does not comport with the requirements of Rule 72(b)(2). See Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the proposed findings and recommendations.") (emphasis added); see also Rosado-Gonzalez v. Alejandro Otero Lopez Hosp., 836 F. Supp. 2d 48, 51-52 (D.P.R. 2011) (holding that plaintiff's duplication of same arguments already determined in the Magistrate Judge's R. & R. failed to state a "specific" objection as contemplated by Rule 72(b)(2)).

IV. CONCLUSION

For the reasons herein stated, the Court finds that there is substantial evidence in the record supporting the ALJ's decision to deny Plaintiff's application for DIB. Accordingly, the Court ACCEPTS the R. & R. (ECF No. 16), DENIES Plaintiff's Motion to Reverse the Decision of the Commissioner (ECF No. 9) and GRANTS Defendant's Motion to Affirm the Decision (ECF No. 11).

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
Chief Judge
Date: October 24, 2018